KENNY F. REEDER, JR., Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 700, 2009.
Supreme Court of Delaware.
Submitted: January 12, 2010.
Decided: February 5, 2010.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
Randy J. Holland, Justice.
This 5th day of February 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Kenny F. Reeder, Jr., filed an appeal from the Superior Court's November 18, 2009 order denying his motion for sentence modification pursuant to Supreme Court Criminal Rule 35. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In September 1999, Reeder was found guilty by a Superior Court jury of numerous crimes, including several counts each of Burglary in the Second Degree, Conspiracy in the Second Degree, Felony Theft, Misdemeanor Theft, Theft From a Senior, Theft of a Firearm, and Criminal Mischief. On November 5, 1999, Reeder was sentenced as a habitual offender on four of his second degree burglary convictions. On May 3, 2000, the Superior Court granted the State's motion to correct its original sentencing order and sentence Reeder as a habitual offender on all fourteen of his second degree burglary convictions. Reeder ultimately was sentenced to one hundred twelve years incarceration at Level V. This Court affirmed Reeder's convictions and sentences on direct appeal.[2]
(3) In this appeal, Reeder claims that the Superior Court abused its discretion by denying his motion, incorrectly, on the ground that the issues raised had previously been adjudicated. Reeder also claims that a) the State's habitual offender motion was invalid because it was contrary to the Superior Court's previous sentencing order and did not bear the seal and signature of the Attorney General; b) the Superior Court improperly failed to hold a separate hearing on the habitual offender motion; and c) the State failed to prove his habitual offender status.
(4) Reeder's first claim is that the State's habitual offender motion was invalid because it was contrary to the Superior Court's previous sentencing order and did not bear the seal and signature of the Attorney General. This Court has previously ruled that the Superior Court was correct when it granted the State's motion for correction of Reeder's sentence.[3] As such, Reeder is foreclosed from again raising that argument in this proceeding.[4] Moreover, under Delaware law, a Deputy Attorney General may sign a pleading on behalf of the Attorney General.[5] Reeder's first claim is, therefore, without merit.
(5) Reeder's claim that the Superior Court improperly failed to hold a separate hearing on the habitual offender motion also is without merit. The record reflects that Reeder's attorney did not object to having the habitual offender motion heard at the same time as his sentencing and Reeder has not demonstrated any plain error resulting from the combined hearing.[6] Finally, the record reflects that Reeder's habitual offender status was established by the State in accordance with the statutory requirements.[7] As such, his third claim, too, is without merit. The judgment of the Superior Court, even assuming that it was decided on an incorrect basis, must, therefore, be affirmed.[8]
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Reeder v. State, Del. Supr., Nos. 552, 583, 1999, Steele, J. (Mar. 26, 2001).
[3] Id.
[4] Brittingham v. State, 705 A.2d 577, 579 (Del. 1998) (The "law of the case" doctrine bars relitigation of an issue previously decided by this Court.)
[5] Del. Code Ann. tit. 29, §§2503 and 2505.
[6] Kirby v. State, Del. Supr., No. 344, 1997, Walsh, J. (Apr. 13, 1998).
[7] Del. Code Ann. tit. 11, §4214(a).
[8] Unitrin, Inc. v. American Gen. Corp., 651 A.2d 1361, 1390 (Del. 1995) (This Court may affirm a judgment of the Superior Court on grounds different from those articulated by the Superior Court.)